## Rush, Exr., *v.* Rush.
## Abraham and Taylor's Appeal.

*Decedents' estates—Judgment—Satisfaction.*

Testator at the time of his death held two notes against one of his sons, who was an executor. The son became involved, and to protect the estate gave a judgment to secure the payment of the two notes. The son subsequently relieved himself from his financial embarrassment. The other executor then satisfied the judgment, retaining the notes, which by testator's direction were to be deducted as advancements from his son's share at the final settlement of his estate at the death of his wife. *Held*, (1) that the judgment was properly satisfied, having effected the purpose for which it was given; and (2) that legatees under testator's will had no standing to invoke the assistance of the judgment for the purpose of protecting their shares.

Argued May 7, 1894. Appeal, No. 149, July T., 1892, by Anna B. Abraham and Mary Elizabeth Taylor, heirs and legatees, from order of C. P. Fayette Co., June T., 1887, No. 223, in case of W. J. Rush, executor of S. Rush, deceased, v. C. H. Rush; discharging rule to strike off satisfaction of judgment. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Rule to strike off satisfaction of judgment.

From the record it appeared that Sebastian Rush died Feb. 9, 1878, leaving a will, with his sons, Charles H. Rush and W. J. Rush, as executors. Charles H. Rush was indebted to his father on two promissory notes, one for two thousand dollars and another for three thousand dollars. Testator by his will directed as follows :

" 7. Whatever amounts I may have advanced to my children, or for which they may be indebted to me, either by book account, notes or otherwise, or for which their husbands may be indebted to me, I direct to be charged against my said children as advancements respectively, and if any of them or their husbands shall be so indebted to me, or be advanced to an amount exceeding an equal share in my estate, the excess shall not be considered an advancement, but shall be collected as a debt, with interest on such excess only from September, 1872, and all accounted for only at the final settlement of my estate at the death of my wife."

In 1887 Charles H. Rush became involved by reason of his being one of the sureties on the bond of S. M. Bailey, state treasurer. To protect the estate he confessed a judgment for five thousand dollars to W. J. Rush, as executor. Subsequently C. H. Rush relieved himself from his financial embarrassment, and on Oct. 31, 1889, W. J. Rush as executor satisfied the judgment, making the following entry upon the record : " October 31, 1889, this judgment having been given as collateral, and the purpose for which it was given having been accomplished, I hereby satisfy the same."

Anna B. Abraham and Mary Elizabeth Taylor, two of testator's daughters, subsequently obtained a rule to strike off the satisfaction of the judgment. To this rule the executors filed an answer alleging that " at the time the said judgment was entered against the said C. H. Rush, it was deemed advisable to acquire a lien for any balance that might be coming to the estate of Sebastian Rush, deceased, upon settlement of final account—afterwards all liens prior to the lien of the above judgment having been paid off and satisfied by C. H. Rush, who had obtained relief from financial embarrassment caused by his engagements as security, and the interests of the estate of S. Rush not requiring that said lien should remain, the same

was satisfied as set forth in the petition, the executors retaining the original notes (one for $3,000 and one for $2,000, given by C. H. Rush to his father) aforesaid, and which they expect to retain until there is a final settlement of the estate."

Rule to strike off satisfaction discharged.

*Error assigned* was above order, quoting it.

*Edward Campbell,* for appellants, cited: Acts of April 3, 1829, 10 Sm. L. 317; March 29, 1832, § 22, P. L. 195; June 14, 1836, § 15, P. L. 632; Parker v. Martins, 13 Pa. 614; Kennedy v. Fury, 1 Dallas, 72; Guaranty Co. v. Powell, 150 Pa. 16; Crunkelton v. Evert, 3 Yeates, 570; Simpson v. Ammons, 1 Bin. 177; Canby v. Ridgway, 1 Bin. 496; Bury v. Hartman, 4 S. & R. 184; Sweigart v. Berk, 8 S. & R. *308; Presbyterian Cong. v. Johnston, 1 W. & S. 9; Campbell v. Galbreath, 5 Watts, 423; Montgomery v. Cook, 6 Watts, 238; Ins. Co. v. Smith, 11 Pa. 124; Peterson v. Lothrop, 34 Pa. 223; Patten's Ap., 45 Pa. 152; Guaranty Co. v. Powell, 150 Pa. 16; Kennebec Ice & Coal Co. v. R. R., 13 W. N. 162; Coffey for use of White v. White's Exr., 14 W. N. 108; Smith v. Stockdale, 20 W. N. 358; Bentley v. Reading, 22 W. N. 60; Shurlock, Admr., v. Smith, 2 Dist. R. 347.

*R. E. Umbel,* of *Boyd & Umbel,* for appellees, cited: Rand v. King, 134 Pa. 641.

PER CURIAM, May 21, 1894:

As the two notes which made the sum of five thousand dollars were given by the defendant to his father in the lifetime of the latter, there was sufficient reason for the giving of the judgment note after his death to the plaintiff as executor. The purpose of the judgment note was simply to protect the estate against any possible loss that might arise from liabilities incurred by C. H. Rush as surety for other persons, and when that danger was removed there was no further reason for the continuance of the judgment. It was never given, and it was not intended to be given, to secure the brothers and sisters of the defendant for their interests in the estate of their father. As it did not exist as a judgment at the time of their father's

death it was not an asset of the estate in that form, and there would be no essential right of the legatees to preserve it in that form.   Under the will the right of all the legatees to have their advancements deducted from their shares of the estate is' equal, and no one could be required to give any security to any of the others to protect their interests.   The appellants have no right to invoke the assistance of the judgment for any such purpose.   The plaintiff in the judgment satisfied it of record because the purpose for which he obtained it was subserved. The appellants do not represent him nor can they have any claim to exercise his rights against his will.   They are not use plaintiffs and cannot assert the rights of such.   We are of opinion that the learned court below was right in discharging the rule to show cause and in vacating the proceedings to revive the judgment.

The order of the court below is affirmed and appeal dismissed at the cost of the appellants.